IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Paul and Alison Hemingfield** | ) | Case No. 21-30490 |
| | ) | |
| Debtors. | ) | |

## MOTION TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019

Heather Culp (the "Trustee") in her capacity as the trustee of the Bankruptcy Estate of Paul and Alison Hemingfield (the "Bankruptcy Estate"), requests entry of an order approving the settlement between the bankruptcy estate, Paul and Alison Hemingfield (together, the "Debtors"), and A P Hemi Properties LLC ("A P Hemi") regarding an alleged avoidable transfer of real property located at 1949 Winpole Lane in Charlotte, North Carolina (the "Property").  In support of the relief requested, the Trustee respectfully asserts the following:

## JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is appropriate in this district pursuant to 28 U.S.C. § 1409.  Bankruptcy Rule 9019 affords the relief sought herein.

2. The Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina on August 31, 2021 (the "Petition Date").

3. The Debtors are members of and at all times have owned 100% of the outstanding equity interests in A P Hemi.  On the Petition Date, the Debtors' interest in A P Hemi became property of the Bankruptcy Estate.  A P Hemi owes no debts.

4. On their bankruptcy filings, the Debtors claimed an ownership interest and exemption in the Property.  However, within four years of the Petition Date, the Debtors transferred the Property to A P Hemi for no consideration.  The Trustee has alleged that the Transfer is avoidable.

5. The Parties have negotiated a settlement related to the Transfer and the disposition of the Property.  The Trustee now seeks Court of approval of that agreement.

## SETTLEMENT TERMS

6. The Parties' agreement is set out in full as Exhibit 1 (the "Agreement").[1]

7. Generally, the Parties agree as follows:

   a. The Transfer shall be avoided such that the Bankruptcy Estate shall be vested with title to the Property. The order approving the 9019 Motion shall specifically state that the Transfer is avoided and constitute a judgment that will be recorded on the public record.

   b. The Debtors and A P Hemi shall cooperate with the Trustee in the marketing and sale of the Property, including by making the Property available for showings on 24 hours' notice, maintaining the Property, moving upon notice of closing on the sale of the Property, and signing deeds and other documents related to the sale of the Property if requested by the Trustee.

   c. The Debtors agree to immediately notify the Trustee should the policy insuring the Property lapse.

   d. The Debtors shall have no exemption in the Property or the sale proceeds of the Property.

   e. Upon the sale of the Property, the Bankruptcy Estate will release any claims it has pursuant to Section 727 of the Bankruptcy Code against the Debtors related to the Transfer.

   f. The Debtors, individually and in their capacity as members and managers of A P Hemi, and A P Hemi consent to the Bankruptcy Court order approving this motion require them to comply with all terms of the Agreement. The Debtors, individually and in their capacity as members and managers of A P Hemi, and A P Hemi consent to the Bankruptcy Court's retention of jurisdiction to enforce the Agreement and to hear any disputes regarding the Agreement, including but not limited to any alleged material breach of the Agreement.

## RELIEF REQUESTED

8. Bankruptcy Rule 9019(a) states: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

9. Generally, "compromises are favored in bankruptcy." *Myers v. Martin,* 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 *Collier on Bankruptcy* ¶ 9019.03[1] (15th ed. 1993)). In approving a settlement, the court "need not conduct an exhaustive investigation," or mini-trial, "into the validity of the merits of the claims sought to be compromised." *United States v. Alaska*

---

[1] All capitalized terms shall have the meaning ascribed to them in the Agreement. To the extent this motion is inconsistent with the Agreement, the Agreement shall control.

*Nat'l Bank (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982). It is sufficient that the court finds that the settlement was negotiated in good faith as well as being reasonable, fair and equitable. *Martin v. Kane (In Re: A & C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

10. Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors. *See Myers*, 91 F.3d at 393 (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)).

11. In the sound exercise of her business judgment, the Trustee has determined that the best interests of the Bankruptcy Estate and creditors are served by settling on the terms set forth above. In reaching this conclusion, the Trustee considered: (a) the certifications made by the Debtors in the Agreement, (b) the Trustee's ability to liquidate the Property, (c) the costs of litigation and the value of the Property, (d) the security of the enforcement provisions set forth in the Agreement, and (e) the distributions that will be available to creditors.

12. The Trustee submits that the settlement proposed herein is reasonable, fair, and equitable, was negotiated at arm's length and in good faith, and yields significant funds that can be distributed to the creditors in this case.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order approving the settlement on the terms set forth.

Dated: Charlotte, North Carolina
    December 30, 2021

    */s/ Cole Hayes*
Cole Hayes (Bar No. 44443)
601 S. Kings Drive
Suite F PMB #411
Charlotte, NC 28204
704-490-4247
cole@colehayeslaw.com
*Attorney for the Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **Paul and Alison Hemingfield** | ) | Case No. 21-30490 |
| | ) | |
| Debtors. | ) | |

## NOTICE OF OPPORTUNITY FOR HEARING
(**No Protest Notice – No Hearing Will be Held Unless Request for Hearing is Filed**)

PLEASE TAKE NOTICE that Heather Culp, Trustee for the estate of the above captioned Chapter 7 bankruptcy, has filed a *Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019* (the "Motion").

PLEASE TAKE FURTHER NOTICE that your rights may be affected by the Motion. You should read the Motion carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one.

PLEASE TAKE FURTHER NOTICE that in order for a hearing to be held on the Motion, written responses, if any, must be filed on or before **January 20, 2022** (the "Response Deadline") in order to be considered. If you do not want the Court to grant the relief requested in the Motion, or if you oppose it in any way, you MUST:

(1)  File a formal, written a response with the Bankruptcy Court at:

> Clerk, United States Bankruptcy Court
> Charles Jonas Federal Building
> 401 West Trade Street
> Charlotte, North Carolina 28202

(2)  Serve a copy of your response on all parties in interest, including:

> U.S. Bankruptcy Administrator
> 402 West Trade Street
> Charlotte, NC 28202

> Cole Hayes
> 601 S. Kings Drive
> Suite F PMB #411
> Charlotte, NC 28204

4

PLEASE TAKE FURTHER NOTICE that IF RESPONSES ARE TIMELY FILED, a hearing on the Motion will be held before The Honorable J. Craig Whitley at the United States Bankruptcy Court, Charles Jonas Federal Building, Courtroom 2B, 401 West Trade Street, Charlotte, North Carolina on **January 24, 2022 at 9:30 A.M. (ET)**.

PLEASE TAKE FURTHER NOTICE that, if you or your attorney do not file a written response to the Motion on or before the Response Deadline, the Court may grant the relief requested in the Motion without a hearing. No further notice will be given.

Dated: Charlotte, North Carolina
December 30, 2021

      */s/ Cole Hayes*
Cole Hayes (Bar No. 44443)
601 S. Kings Drive
Suite F PMB #411
Charlotte, NC 28204
704-490-4247
cole@colehayeslaw.com
*Attorney for the Trustee*

5